**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**LOUIS WILLIAM PARREANT,**

Plaintiff,

v.

**JOHN SCHOTZKO,**

Defendant.

Civil No. 00-2014 (JRT/JGL)

**ORDER**

---

Louis William Parreant, pro se.

Gregory W. Deckert, Esq., on behalf of Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff's two Motions for Appointment of Counsel (Doc. Nos. 13 and 16); Plaintiff's Motion for Discovery (Doc. No. 23); Plaintiff's Motion for Extension of Pretrial Order (Doc. No. 24); Plaintiff's two Motions for Reconsideration to Appoint Counsel (Doc. Nos. 31 and 37); and Defendant's Motion to Strike (Doc. No. 40). The parties' dispositive motions will be addressed in a separate Report and Recommendation.

Plaintiff, a prisoner of the State of Wisconsin and currently incarcerated in Minnesota, has filed this lawsuit based on an alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff has been granted permission to proceed in forma pauperis in this matter.

FILED APR 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Plaintiff Parreant is incarcerated at the Prairie Correctional Facility in Appleton, Minnesota. Prior to his incarceration, Plaintiff underwent two lower back surgeries in July 1992 and February 1995, for which his doctor prescribed the narcotic pain medications Valium and codeine. As a result of the surgeries, Plaintiff Parreant experiences chronic lower back pain, sciatic pain in his leg, pain in his feet, and daily headaches. When Plaintiff Parreant entered the prison, he had valid prescriptions for both Valium and Tylenol with codeine.

Once incarcerated, Plaintiff initially received Tylenol with codeine four times per day and five milligrams of Valium three times per day. In June 2000, Plaintiff alleges that Defendant Dr. Schotzko improperly changed the frequency with which Plaintiff's prescriptions could be dispensed, effectively reducing the number of doses of Tylenol with codeine due to the prison's medicine distribution system. Plaintiff Parreant additionally alleges that in July 2000, Defendant further reduced Plaintiff's prescription doses to one Tylenol with codeine and one Valium every twenty-four hours. One month later, Defendant eliminated the Valium from Plaintiff's medication regimen.

Plaintiff Parreant alleges the dosage modifications made by Defendant Dr. Schotzko constitute medical malpractice and a violation of

Plaintiff's Eighth Amendment rights. Plaintiff seeks appointment of counsel, discovery, and an extension of the Pretrial Order deadlines. Defendant seeks an order striking Plaintiff's submissions of March 26, 2001 from the record.

## II. DISCUSSION

### A. Appointment of Counsel

Indigent civil litigants do not have a constitutional or statutory right to appointed counsel, even in civil rights cases. See Edgington v. Missouri Dep't of Corrs., 52 F.3d 777, 780 (8th Cir. 1995); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). A court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, considering the complexity of factual and legal issues, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim. See Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In the present case, the Court finds that neither the facts nor the legal issues contemplated in this case are so complex as to necessitate appointment of counsel for Plaintiff Parreant. It appears to the Court that Plaintiff Parreant has the threshold ability to state his claims and argue his positions despite his professed lack of education. The Court therefore concludes that Plaintiff Parreant is capable of self-representation in this matter. Furthermore, the Court concludes that

appointment of counsel to Plaintiff Parreant would not substantially benefit the Court or Plaintiff. Accordingly, Plaintiff's motion for appointment of counsel is denied.

**B. Discovery Request**

As for Plaintiff's motion for production of documents, the Court notes that this motion appears to have been served on Defendant. Plaintiff represents that Defendant has not responded to Plaintiff's discovery questions. Courts generally hold pro se filings to less stringent standards than formal pleadings drafted by an attorney, and liberally construe such documents when determining whether they state a cause of action. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 554-56 (7th Cir. 1996) (where inmate faced difficulties due to incarceration in identifying culpable individuals, court had special responsibility to construe pro se complaints liberally, to allow ample opportunity to amend, and to permit adjudication on merits rather than dismiss on technical grounds). Thus, the Court deems Plaintiff's motion a motion to compel discovery.

The Court has examined Plaintiff's discovery requests and determined that the requests are relevant to the claims or defenses in this litigation, in accordance with Rule 26(b) of the Federal Rules of Civil Procedure. Therefore, Plaintiff's motion is granted. To the extent that Defendant has not answered Plaintiff's questions in his Motion for

Discovery (Doc. No. 23), Defendant shall provide answers to Plaintiff within fourteen days of this Order.

**C. Motion to Extend Pretrial Order**

Plaintiff Parreant seeks an order extending the deadlines in the Pretrial Order. In light of the Plaintiff's need to obtain discovery and timely discovery request, the deadlines for conducting discovery and for filing non-dispositive motions shall be extended to April 27, 2001. All other provisions of the Pretrial Order shall remain in full force and effect.

**D. Defendant's Motion to Strike**

By way of letters dated March 26, 2001, Plaintiff submitted to the Clerk of Court essentially three documents: Letter of Current Conflicting Events, Letter of Petition for Temporary Restraining Order, and Letter Concerning Legal Documents Received by the Court. These documents were jointly docketed by the Clerk as letters (Doc. No. 39). Defendant seeks an order striking Plaintiff's submissions from the record, based largely on the argument that the documents were submitted in violation of D. Minn. LR 7.1.

As stated above, courts generally hold pro se filings to less stringent standards than formal pleadings drafted by an attorney, and liberally construe such documents when determining whether they state a cause of action. See Haines, 404 U.S. at 520-21; Donald, 95 F.3d at 554-56. Furthermore, courts are reluctant to dismiss a pro se prisoner's claims solely on procedural grounds, and usually allow prisoners to

correct deficiencies by amendment. See Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986); Donald, 95 F.3d at 554-55.

In the present instance, the Court understands and construes Plaintiff's three letters as follows: Plaintiff's Letter of Current Conflicting Events shall be construed as a reply memorandum in support of Plaintiff's Motion for Summary Judgment (Doc. No. 32); Plaintiff's Letter of Petition for Temporary Restraining Order shall be construed as a reply memorandum in support of Plaintiff's Motion for Temporary Restraining Order (Doc. No. 7); and Plaintiff's Letter Concerning Legal Documents Received by the Court shall be construed as letter correspondence to the Court. This Court liberally interprets D. Minn. LR 7.1 as being silent on the issue of reply memoranda, and routinely accepts such documents. Therefore, Defendant's Motion to Strike is denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for Appointment of Counsel and to Stay Proceedings (Doc. No. 13) is **DENIED;**

(2) Plaintiff's Motion for Appointment of Counsel and to Stay the Proceedings (Doc. No. 16) is **DENIED;**

(3) Plaintiff's Motion for Discovery (Doc. No. 23) is **GRANTED;**

(4) Plaintiff's Motion for Extension of Pretrial Order (Doc. No. 24) is **GRANTED IN PART** as set forth in Part II.C. of this Order;

(5) Plaintiff's Motion for Reconsideration to Appoint Counsel (Doc. No. 31) is **DENIED;**

(6) Plaintiff's Motion to Proceed and for Reconsideration to Appoint Counsel (Doc. No. 37) is **DENIED;** and

(7) Defendant's Motion to Strike (Doc. No. 40) is **DENIED**.

Dated: April ______, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge