**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**LOUIS WILLIAM PARREANT,**

Plaintiff,

v.

**JOHN SCHOTZKO,**

Defendant.

Civil No. 00-2014 (JRT/JGL)

**ORDER**

---

APPEARANCES

Louise William Parreant, pro se.

Gregory Wayne Deckert, Esq., for Respondent.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff Louis William Parreant's Letter Motion to Amend Pleadings (Doc. No. 73). The matter has been referred to the undersigned pursuant 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Parreant alleges that his federal constitutional rights are being violated during his confinement at Prairie Correctional Facility ("PCF"). Specifically, Plaintiff claims that when he was transferred from a Wisconsin prison to PCF, he was denied the medications necessary to control the chronic back pain from which he suffers. Defendant John Schotzko is a doctor who treated Plaintiff at PCF. Plaintiff seeks relief under 42 U.S.C. § 1983. In a

2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

letter to the Court, Plaintiff requests leave to amend his pleadings to add PCF and their parent company, Correctional Corporation of America ("CCA"), as defendants. Plaintiff requests this amendment because these entities are now responsible for administering his medications.

## II. DISCUSSION

In a letter dated September 14, 2001, Plaintiff asks if he "would [be] allowed to amend PCF, and CCA, to existing civil suit." The Court construes this as a motion to amend the complaint. The pretrial schedule for this case sets the deadline for amending the complaint as January 2, 2001. However, Plaintiff has informed the Court by letter dated October 30, 2001 that he served Defendant's Counsel with a copy of his letter motion. Defendant has not filed any response or objections.

Although Plaintiff's motion comes long after the deadline for amending the pleadings, the Court finds that justice requires that Plaintiff's motion be granted. See Fed. R. Civ. P. 15(a). First, Plaintiff's complaint is premised on the fact that he is not receiving enough medication to control his back pain. Therefore, it is reasonable and in the interest of judicial economy to have all parties responsible for providing that medication involved in the suit. Second, a court should liberally construe a pro se plaintiff's request for relief despite the petition's formal imperfections. See Petty v. Card, 195 F.3d 399, 400 (8th Cir. 1999) (citing Prince v. Lockhart, 971 F.2d 118, 121 (8th Cir. 1992)). Third, Defendant has not filed any objection to the motion.

Inasmuch a Plaintiff has been granted in forma pauperis status (Doc. No. 6), service of process on Dr. Schotzko, PCF, and CCA shall be effected by the U.S. Marshal. See 28 U.S.C. § 1915(d); Fed. R. Civ. P.4(c)(2).

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff Louis William Parreant's Letter Motion to Amend Pleadings (Doc. No. 73) is **GRANTED**;

(2) The Clerk of Court shall forward to Plaintiff a copy of this Order and three Marshal Service Forms for him to accomplish his service;

(3) Plaintiff must file his amended complaint and three copies, one for each Defendant being served (Dr. Schotzko, PCF, and CCA), in accordance with the Local Rules by December 1, 2001;

(4) A summons shall be issued by the Clerk of Court, and service of process on the three defendants shall be effected by the U. S. Marshal.

Dated: November 19, 2001.

JONATHAN LEBEDOFF
United States Magistrate Judge