**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**LOUIS WILLIAM PARREANT,**

Plaintiff,

v.

**JOHN SCHOTZKO; PRAIRIE CORRECTIONAL FACILITY; and CORRECTIONS CORPORATION OF AMERICA,**

Defendants.

Civil No. 00-2014 (JRT/JGL)

**ORDER**

APPEARANCES

Louise William Parreant, pro se.

Gregory Wayne Deckert, Esq., for Respondent John Schotzko.

Robert M. Lewis, Esq., for Respondents Prairie Correctional Facility and Corrections Corporation of America.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff Louis William Parreant's Motions to Reconsider Appointment Counsel (Doc. No. 98), Reconsider Injunctive Relief Regarding Medications (Doc. No. 99), and For the Court to Conduct an Independent Investigation of the CCA and PFC Medical Departments (Doc. No. 87). This matter has been referred to the undersigned pursuant 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

FILED MAR 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. Factual and Procedural Background

Plaintiff Parreant alleges that his federal constitutional rights are being violated during his confinement at Prairie Correctional Facility ("PCF"). Specifically, Plaintiff claims that since being transferred from a Wisconsin prison to PCF, he is being denied the medications necessary to control his chronic back pain. Defendant John Schotzko is a doctor who treated Plaintiff at PCF. Corrections Corporation of America ("CCA") is PCF's parent company. Plaintiff has filed suit under 42 U.S.C. § 1983.

## II. Plaintiff's Motions to Reconsider

Plaintiff has filed a Motion to Reconsider Appointment of Counsel and a "Motion for Plaintiffs [sic] Meds Ordered as Referred Nero-Surgeon [sic] Dr. Bergman Ordered as Adequate." After reviewing the second motion, the Court finds that it must be construed as a motion to reconsider its recommended denial of injunctive relief.

On April 11, 2001, this Court entered an Order denying Plaintiff's four motions for appointment of counsel. (Doc. No. 42 at 6, 7). On August 6, 2001, the Court recommended that Plaintiff's motion for a temporary restraining order and preliminary injunction regarding Plaintiff's medications be denied. (Doc. No. 62 at 26.) The Honorable John R. Tunheim, United States District Court for the District of Minnesota, adopted that recommendation and denied the restraining order and preliminary injunction. (Doc. No. 76.)

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(g). Requests to file such a motion must be submitted to the Court in writing in conjunction with Local Rules. See id. Plaintiff has not complied with this rule. Therefore, the Court will not entertain Plaintiff's motions for reconsideration. The motions will be stricken.

## III. Plaintiff's Motion For the Court to Conduct an Independent Investigation of the CCA and PFC Medical Departments

Plaintiff requests the Court to conduct an independent investigation of Defendants' medical departments to unearth alleged "neglect or disregard of adequate medical care to prisoners." (Doc. No. 87.)

The Court is unable to grant Plaintiff's motion. Courts do not conduct independent investigations. In our system, parties conduct investigations and the results of the investigations become evidence. Courts then make decisions based on that evidence. Furthermore, Plaintiff's motion requests an investigation of not only Plaintiff's medical treatment, but also the medical treatment of other prisoners. These inquiries are beyond the scope of the instant case. People cannot sue over the deprivation of another's civil rights. See Carter v. Romines, 560 F.2d 395, 395 (8th Cir.1977); Mosher v. Beirne, 237 F. Supp. 684, 687 (E.D. Mo. 1964) (citing McCabe v. Atchison, Topeka, & Santa Fe Ry. Co., 235 U.S. 151, 162 (1914)).

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff Louis William Parreant's Motion For the Court to Conduct an Independent Investigation of the CCA and PFC Medical Departments (Doc. No. 87) is **DENIED**;

(2) Plaintiff Louis William Parreant's Motion to Reconsider Appointment Counsel (Doc. No. 98) is **STRICKEN**; and

(3) Plaintiff Louis William Parreant's Motion to Reconsider Injunctive Relief Regarding Medications (Doc. No. 99) is **STRICKEN**.

Dated: March 22, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge